NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES W. ROBINSON, DVM, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CHARTER PRACTICES INTERNATIONAL, LLC, a Delaware limited liability company; MEDICAL MANAGEMENT INTERNATIONAL, INC., a Delaware corporation; MMI HOLDINGS, INC., a Delaware corporation, <br><br> Defendants-Appellees. | No.  15-35356 <br><br> D.C. No. 3:14-cv-01736-PK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding

Argued and Submitted June 9, 2017
Portland, Oregon

Before:  GOULD and RAWLINSON, Circuit Judges, and RAYES,[**] District
Judge.

James Robinson appeals the dismissal with prejudice of his complaint

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

against Defendants Charter Practices International, LLC ("CPI"), Medical

Management International, Inc., and MMI Holdings, Inc. Robinson purchased a

veterinary hospital franchise from CPI, and at the same time also owned and

operated independent veterinary clinics that were not part of the CPI franchise.

CPI had not enforced a non-competition provision in the franchise agreement but,

when the term of the original franchise agreement ended and Robinson tried to

renew, CPI notified Robinson of its intent to enforce the non-competition provision

in the renewal agreement—the then-current form of the franchise agreement.

Robinson did not disinvest from his independent clinics and the parties did not

execute a renewal agreement.[1] Robinson, alleging that CPI improperly refused to

renew the franchise, brought three primary claims against Defendants: breach of

contract, breach of the covenant of good faith and fair dealing, and intentional

interference with economic relations.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly dismissed Robinson's breach of contract

claim. Defendants did not breach the franchise agreement because the plain

language of the agreement's renewal provision allowed for Defendants to

condition renewal on compliance with the non-competition provision that would be

---

[1] Robinson had a second franchise but does not challenge CPI's decision to not renew that franchise.

in the renewal agreement. The renewal provision in the original franchise agreement explicitly stated that the renewal agreement would be substantially similar to the then-current form of the franchise agreement and that the terms may differ from the original franchise agreement. Defendants' waiver of the non-competition provision in the franchise agreement did not extend to the corollary provision in the renewal agreement. Robinson contends that Defendants' course of conduct waived the corollary non-competition provision in the renewal agreement. Defendants, however, provided notice of their intent to enforce the non-competition provision and gave Robinson a chance to disinvest if he wanted to renew the franchise while not competing. *See Alderman v. Davidson*, 326 Or. 508, 514 (1998). Robinson's equitable estoppel argument also fails because CPI's non-enforcement of the non-competition provision during the course of the initial franchise term was not a promise or representation that it would never enforce a non-competition provision in the future.

2. The district court did not err in dismissing Robinson's claim for breach of the duty of good faith and fair dealing because the parties' franchise agreement stated that the renewal agreement would be substantially similar to the terms and conditions of the then-current form of the franchise agreement. *See Zygar v. Johnson*, 169 Or. App. 638, 645 (2000).

3. Robinson does not adequately allege that Defendants intentionally

3

interfered with economic relations because the conduct between business competitors is not "improper" if the conduct is in the defendant's competitive interest and not done for an "improper purpose," such as "spite or ill will" *Douglas Med. Ctr., LLC v. Mercy Med. Ctr.*, 203 Or. App. 619, 630–31 (2006) (internal quotation marks omitted).  A competitor is not liable for intentional interference if it is done to further its own legitimate business interests, such as profit maximization.  Robinson has only alleged that Defendants' actions, in not renewing the franchise agreement and operating the hospital, were done to make profit.  *See Eusterman v. Nw. Permanente, P.C.*, 204 Or. App. 224, 238 (2006).  Robinson does not otherwise allege improper means that are "independently wrongful by reason of statutory or common law." *Douglas Med. Ctr.*, 203 Or. App. at 634.

     **AFFIRMED.**